# CV 14      4163

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X      Case No.

SHAGUFTA SYED,

                              Plaintiff,      MAUSKOPF, J.

                                                          **COMPLAINT**
      -against-                  LEVY, M.J.

THE NEW YORK METHODIST HOSPITAL d/b/a
CENTER FOR ALLIED HEALTH EDUCATION,      Plaintiff Demands a Trial
SCHOOL OF RADIATION THERAPY,      by Jury

                              Defendant.

-----------------------------------------------------------------X

Plaintiff, by and through her attorneys, ARCÉ LAW GROUP, P.C., hereby complains of the

Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1.  Plaintiff complains pursuant to New York Labor Law § 740 and § 741 and seeks damages to

    redress the injuries Plaintiff has suffered as a result of being retaliated against and terminated

    for disclosing a threat to the public safety and opposing Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that there is

    complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest

    and costs, the sum of $75,000.00.

3.  Venue is proper in this district based upon the fact that a substantial part of the events or

    omissions giving rise to the claim occurred within the Eastern District of New York.  28

    U.S.C. §1391(b).

## PARTIES

4.  Plaintiff is a resident of the State of Michigan.

5. At all times material, Defendant THE NEW YORK METHODIST HOSPITAL d/b/a CENTER FOR ALLIED HEALTH EDUCATION, SCHOOL OF RADIATION THERAPY (herein also referred to as "NYMH"), was and is a domestic not-for-profit corporation, duly incorporated under the laws of the State of New York.

6. At all times material, Defendant NYMH operated and continues to operate the "Center for Allied Health Education, School of Radiation Therapy," located at 1401 Kings Highway #2, Brooklyn, NY 11229.

7. At all times material, Plaintiff was an employee of Defendant.

## MATERIAL FACTS

8. On or about June 17, 2013, Plaintiff began working for Defendant as a "Program Director." Plaintiff's duties as Program Director, included among other things, teaching students.

9. As part of Defendant NYMH's curriculum, students perform clinical hours by assisting in the treatment of cancer patients who receive radiation therapy at Defendant NYMH, SUNY Downstate Medical Center, the Brooklyn Hospital Center, Leading Edge Radiation Oncology Services ("LEROS"), and the Lutheran Medical Center.

10. Prior to coming in contact with cancer radiation patients, Defendant NYMH's students were to obtain a health clearance. Students who obtained their health clearance had been administered flu shots, hepatitis shots and had been screened for tuberculosis, varicella and other contagious diseases. For those students who had not obtained their health clearance, Defendant NYMH and its patients had no way of knowing whether such students had diseases that would pose a serious health risk to their patients.

11. In or around October 2013, **Plaintiff discovered that students who had not obtained their health clearance were coming into contact with patients who had significantly compromised immune systems as a result of their cancer radiation treatment.**

12. The Regulations of the State of New York governing hospitals and treatment centers require that health clearance forms be obtained before treating personnel (including students) have contact with patients because of the potential risk health impairments pose to patients. *See*, NYCRR Title 10, §§405.3; 751.6.

13. In or around the middle of October 2013, Plaintiff told one of her supervisors and Defendant's Associate Director for Academic Affairs, Adrienne Paez, that multiple students who had not obtained their health clearance were coming into contact with patients receiving radiation therapy at Defendant NYMH, SUNY Downstate Medical Center, the Brooklyn Hospital Center, LEROS, and the Lutheran Medical Center.

14. **Plaintiff further informed Ms. Paez that students' health clearance forms should have been obtained prior to allowing them to come into contact with patients as patients were put at serious risk of exposure to unknown diseases possibly carried by Defendant NYMH'S students.**

15. **Defendant NYMH took no action to protect its patients from all such students who had not obtained their health clearance.**

16. Due to Defendant's inaction, in or around the middle of October 2013, Plaintiff again complained to Ms. Paez about the danger Defendant NYMH's uncleared students posed to cancer patients receiving radiation therapy at the five local hospitals.  In response to Plaintiff's concerns Ms. Paez simply responded, **"Don't worry about it. Nothing's ever done right here."**

17. After Plaintiff informed Ms. Paez of this health risk, Plaintiff learned that an accreditation body – the Joint Review Committee on Education in Radiologic Technology ("JRCERT") – had scheduled an audit of Defendant NYMH.

18. On or about December 3, 2013, Plaintiff spoke with Leila Bussman-Yeakel, Program Director of radiation therapy at the Mayo Clinic in Rochester, Minnesota, who was also a JRCERT member of the audit team, about the itinerary for the JRCERT members who were scheduled to perform the audit at Defendant NYMH.

19. After this conversation, Plaintiff informed Ms. Paez that she had spoken with a JRCERT member about JRCERT's itinerary.

20. Shortly thereafter, Plaintiff was called into a meeting with Ms. Paez and Defendant NYMH's Director of Accreditation and Compliance, Sarah Bokow.  During this meeting, **Ms. Bokow yelled at Plaintiff, "You were told not to talk to them."**

21. Plaintiff informed Ms. Bokow that, in fact, she had never been told not to speak to JRCERT members.

22. In response, Ms. Bokow, **"We know what we're doing. We've been doing this for years."**

23. On or about December 6, 2013, Ms. Paez terminated Plaintiff.

24. On or about December 6, 2013, Defendant NYMH terminated Plaintiff because she disclosed the threat that Defendant NYMH's uncleared students posed to public safety.

25. Plaintiff asked Ms. Paez to explain why she was terminated.

26. During Plaintiff's discussion with Ms. Paez, she (Plaintiff) was told that **"You were told not to contact JRCERT!"**  However, Defendant's stated reason for terminating Plaintiff is pretextual since she was never told to not contact JRCERT.

27. After Ms. Paez terminated Plaintiff, Plaintiff contacted Defendant NYMH's Director of Center for Allied Health, Jerry Rozenberg. Mr. Rozenberg told Plaintiff that it was his decision to terminate her.

28. The JRCERT audit was conducted on or about January 6, 2014.

29. On or about February 17, 2014, Plaintiff, through her attorneys, sent a confidential claim letter for settlement purposes, together with a draft complaint of the instant action, to Defendant NYMH providing it with advance notice of Plaintiff's claim and seeking to resolve the matter prior to litigation.

30. On or about March 19, 2014, Defendant NYMH, through its attorney, sent Plaintiff's counsel a letter in which NYMH "strongly urge[d Plaintiff] to reconsider taking the precipitous step of initiating litigation. Indeed, a failure to heed such advice may prove costly to [Plaintiff]." Defendant also warned Plaintiff that it had "documented facts" that proved her claim was baseless. Defendant's actions were intended to interfere with Plaintiff's protected rights to seek a legal remedy.

31. That same day, Plaintiff, through her attorney, disputed Defendant's allegations that Plaintiff's claim was baseless and informed Defendant that she would examine and consider the "documented facts" that Defendant's claimed demonstrated that her claim was baseless. Plaintiff further informed Defendant that if it refused to provide such documentation she would assume Defendant had mischaracterized the contents and strength of the alleged "documented facts" and commence litigation forthwith.

32. On or about March 24, 2014, Defendant informed Plaintiff that it rejected her offer to provide her with any documentation pre-litigation.

33. Defendant NYMH is a healthcare provider, hospital and/or treatment center, as defined by New York law. *See*, 28 Pub. Health Law §2801 (2014).

34. Defendant's actions, of which Plaintiff complained to her supervisor, presented a substantial and specific danger to the public health and/or safety.

35. Upon information and belief, Defendant's action constituted a violation of law, rule or regulation that posed a threat to public safety.

36. Plaintiff has been injured as a result of her wrongful termination.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, and other non-pecuniary losses.

38. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

39. Defendant's actions and conduct were intentional and intended to harm the Plaintiff.

## AS A FIRST CAUSE OF ACTION
## UNDER THE NEW YORK LABOR LAW §740
## RETALIATION

39. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

40. New York Labor Law §740 provides:

(2) Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:

(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud;

(c) objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation.

41. Defendant violated the section cited herein as set forth.

## AS A SECOND CAUSE OF ACTION
## UNDER THE NEW YORK LABOR LAW §741
## RETALIATION

42. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

43. New York Labor Law § 741 provides:

2. Retaliatory action prohibited. Notwithstanding any other provision of law, no employer shall take retaliatory action against any employee because the employee does any of the following:

(a) discloses or threatens to disclose to a supervisor, or to a public body an activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care; or

(b) objects to, or refuses to participate in any activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care.

44. Defendant violated the section cited herein as set forth.

## AS A THIRD CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. New York City Administrative Code Title 8-107(19), interference with protected rights, provides:

It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or

encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

47. Defendant violated the section cited herein as set forth.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful practices prohibited by The New York Executive Law and The New York City Administrative Code;

B. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff injunctive relief to restrain continued violation; to reinstate her to the same or equivalent position, and reinstatement of full fringe benefits and seniority rights;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  New York, New York
        July 7, 2014

                                        ARCÉ LAW GROUP, P.C.
                                        Attorneys for Plaintiff

                              By: _____
                                        Bryan S. Arce, Esq.
                                        30 Broad Street, 35th Floor
                                        New York, NY 10004
                                        (212) 248-0120